1    SEYFARTH SHAW LLP
     Daniel Whang (SBN 223451)
2    dwhang@seyfarth.com
     2029 Century Park East, Suite 3500
3    Los Angeles, California 90067-3021
     Telephone:   (310) 277-7200
4    Facsimile:   (310) 201-5219

5    SEYFARTH SHAW LLP
     Gina Gi (SBN 266709)
6    ggi@seyfarth.com
     601 South Figueroa Street, Suite 3500
7    Los Angeles, California 90017-5793
     Telephone:   (213) 270-9600
8    Facsimile:   (213) 270-9601

9    Attorneys for Defendant
     FLOOR AND DÉCOR OUTLETS OF
10   AMERICA, INC.

11

12                   UNITED STATES DISTRICT COURT

13                 SOUTHERN DISTRICT OF CALIFORNIA

14

15   MATTHEW MCKINNON, an individual,         Case No. **'23CV0460 JLS  AHG**
     on behalf of himself and on behalf of all
16   persons similarly situated,              **DEFENDANT FLOOR AND DÉCOR
                                              OUTLETS OF AMERICA, INC.'S**
17              Plaintiff,                     **NOTICE OF REMOVAL OF CIVIL
                                              ACTION TO THE UNITED STATES
18        v.                                  DISTRICT COURT**

19   FLOOR AND DÉCOR OUTLETS OF               **[28 U.S.C. §§ 1332, 1441, AND 1446]**
     AMERICA, INC. a Corporation; and
20   DOES 1 through 50, inclusive,            [San Diego County Superior Court
                                              Case No. 37-2023-00005275,CU-OE-
21              Defendants.                   CTL]

22                                            Complaint Filed:      2/6/2023

23

24

25

26

27

28

---

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92957765v.3

1
2

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      BACKGROUND .................................................................................8

II.     TIMELINESS OF REMOVAL ........................................................9

III.    CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL ................................10

    A.      Plaintiff And Defendant Are Minimally Diverse..........................................10

        1.      Plaintiff Is A Citizen Of California.......................................10

        2.      Defendant Is Not A Citizen Of California ...........................11

    A.      There Are More Than 100 Potential Class Members .................................12

    B.      The Amount In Controversy Exceeds The Statutory Minimum..................13

        1.      Meal and Rest Period Claims................................................19

        2.      Failure to Pay Wages .........................................................22

        3.      Waiting Time Penalties........................................................23

        4.      Approximate Aggregate Amount In Controversy ............................24

        5.      Attorneys' Fees ................................................................25

IV.    VENUE...............................................................................................27

V.     NOTICE TO STATE COURT AND TO PLAINTIFF .........................................28

VI.    PRAYER FOR REMOVAL ...........................................................28

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92957765v.3

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abrego v. Dow Chemical Co.,*
    443 F.3d 676 (9th Cir. 2006) .......................................................................... 5, 7

*Agredano v. Sw. Water Co.,*
    2017 WL 2985395 (C.D. Cal. May 30, 2017) ................................................ 14

*Arias v. Residence Inn by Marriott,*
    936 F.3d 920 (9th Cir. 2019) ....................................................................... 8, 19

*Armstrong v. Church of Scientology Int'l,*
    243 F.3d 546 (9th Cir. 2000) ............................................................................. 4

*Arreola v. The Finish Line,*
    2014 WL 6982571 (N.D. Cal. Dec. 9, 2014) ..................................................... 9

*Brady v. Mercedes-Benz USA, Inc.,*
    243 F. Supp. 2d 1004 (N.D. Cal. 2002) ........................................................... 18

*Byrd v. Masonite Corp.,*
    2016 WL 2593912 (C.D. Cal. May 5, 2016) ................................................... 17

*Campbell v. Vitran Exp., Inc.,*
    471 F. App'x 646 (9th Cir. 2012) .................................................................... 19

*Caterpillar, Inc. v. Williams,*
    482 U.S. 386 (1987) ........................................................................................... 9

*Chavez v. JPMorgan Chase & Co.,*
    888 F.3d 413 (9th Cir. 2018) ........................................................................... 19

*Cicero v. DirecTV, Inc.,*
    2010 WL 2991486 (C.D. Cal. July 27, 2010) .................................................. 20

*City of Clarksdale v. BellSouth Telecommunications, Inc.,*
    428 F.3d 206 (5th Cir. 2005) ............................................................................. 2

*Coleman v. Estes Express Lines, Inc.,*
    730 F. Supp. 2d 1141 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes
    Exp. Lines, Inc.,* 631 F.3d 1010 (9th Cir. 2011) ...................................... 10, 14

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
    574 U.S. 81, 135 S.Ct. 547 (2014) .................................................................... 8

*Feao v. UFP Riverside, LLC,*
    2017 WL 2836207 (C.D. Cal. June 26, 2017) ................................................. 10

*Franke v. Anderson Merchandisers LLC,*
    2017 WL 3224656 (C.D. Cal. July 28, 2017) .................................................. 10

3

92957765v.3

*Fristoe v. Reynolds Metals Co.*,
  615 F.2d 1209 (9th Cir. 1980) ........................................................... 5

*Fritsch v. Swift Transp. Co. of Arizona, LLC*,
  899 F.3d 785 (9th Cir. 2018) .......................................................... 18

*Galt G/S v. JSS Scandinavia*,
  142 F.3d 1150 (9th Cir. 1998) ........................................................ 18

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) ....................................................... 7, 9

*Hertz Corp. v. Friend*,
  130 S. Ct. 1181 (2010) ..................................................................... 4

*Ho v. Ikon Office Solutions, Inc.*,
  143 F. Supp. 2d 1163 (N.D. Cal. 2001) ........................................... 5

*Jones v. Tween Brands, Inc.*,
  2014 WL 1607636 (C.D. Cal. Apr. 22, 2014) ............................... 11

*Kantor v. Wellesley Galleries, Inc.*,
  704 F.2d 1088 (9th Cir. 1983) ......................................................... 3

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ........................................... 8

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ........................................................... 4

*Longmire v. HMS Host USA, Inc.*,
  2012 WL 5928485 (S.D. Cal. Nov. 26, 2012) ............................... 18

*Lopez v. Aerotek, Inc.*,
  2015 WL 2342558 (C.D. Cal. May 14, 2015) ............................... 14

*Lucas v. Michael Kors (USA), Inc.*,
  2018 WL 2146403 (C.D. Cal. May 9, 2018) ................................. 19

*Mejia v. DHL Express (USA), Inc.*,
  2015 WL 2452755 (C.D. Cal. May 21, 2015) ............................... 14

*Muniz v. Pilot Travel Ctrs. LLC*,
  2007 WL 1302504 (E.D. Cal. May 1, 2007) ......................... 8, 9, 18

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) .......................................................................... 2

*Powers v. Eichen*,
  229 F.3d 1249 (9th Cir. 2000) ....................................................... 19

*In re Quintas Secs. Litig.*,
  148 F. Supp. 2d 967 (N.D. Cal. 2001) ........................................... 20

4

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92957765v.3

*Ramos v. Schenker, Inc.*,
  2018 WL 5779978 (C.D. Cal. Nov. 1, 2018) .............................................................. 19

*Ritenour v. Carrington Mortg. Servs. LLC*,
  228 F. Supp. 3d. 1025 (C.D. Cal. 2017) .................................................................... 11

*Rodriguez v. AT&T Mobility Servs. LLC*,
  728 F.3d 975 (9th Cir. 2013) ................................................................................ 7, 8

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) .................................................................................... 7

*Schiller v. David's Bridal, Inc.*,
  2010 WL 2793650 (E.D. Cal. July 14, 2010) ............................................................. 7

*Soliman v. Philip Morris, Inc.*,
  311 F. 3d 966 (9th Cir. 2002) .................................................................................... 5

*Soratorio v. Tesoro Ref. and Mktg. Co., LLC*,
  2017 WL 1520416 (C.D. Cal. Apr. 26, 2017) ................................................ 9, 10, 13

*Standard Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013) ................................................................................................... 7

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) ..................................................................................... 4

*Tajonar v. Echosphere*,
  LLC, 2015 WL 4064642 (S.D. Cal. July 2, 2015) .................................................... 17

*Torrez v. Freedom Mortg., Corp.*,
  2017 WL 2713400 (C.D. Cal. June 22, 2017) .......................................................... 10

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) ................................................................................... 8

*Wheatley v. MasterBrand Cabinets*,
  2019 WL 688209 (C.D. Cal. Feb. 19, 2019) ................................................... 9, 14, 19

*Wren v. RGIS Inventory Specialists*,
  2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ........................................................... 19

*Zavala v. Deutsche Bank Trust Co. Americas*,
  2013 WL 3474760 (N.D. Cal. July 10, 2013) ............................................................ 4

**State Cases**

*Falk v. Children's Hosp. Los Angeles*,
  237 Cal. App. 4th 1454 (2015) ................................................................................ 15

*Murphy v. Kenneth Cole Prods.*, Inc.,
  40 Cal. 4th 1094 (2007) ........................................................................................... 12

*Pineda v. Bank of America, N.A.*,
  50 Cal. 4th 1389 (2010) .................................................................................... 12, 17

5

92957765v.3

**Federal Statutes**

28 U.S.C. § 84(a) ........................................................................................... 20

28 U.S.C. § 1332 .............................................................................................. 5

28 U.S.C. § 1332(a) .......................................................................................... 7

28 U.S.C. § 1332(c) .......................................................................................... 1

28 U.S.C. § 1332(c)(1) ..................................................................................... 4

28 U.S.C. § 1332(d) .................................................................................... 6, 20

28 U.S.C. § 1332(d)(2).......................................................................... 1, 3, 6, 20

28 U.S.C. § 1332(d)(2)(A) ............................................................................... 3

28 U.S.C. § 1332(d)(5)(B) ........................................................................... 3, 5

28 U.S.C. § 1332(d)(6) ............................................................................... 3, 6

28 U.S.C. § 1367(a) ........................................................................................ 20

28 U.S.C. § 1391(a) ........................................................................................ 20

28 U.S.C. § 1441 ............................................................................................. 20

28 U.S.C. § 1441(a) ............................................................................ 1, 3, 5, 20

28 U.S.C. § 1446 ........................................................................................... 1, 2

28 U.S.C. § 1446(b) ......................................................................................... 2

28 U.S.C. § 1446(d) ........................................................................................ 21

28 U.S.C. § 1453 .............................................................................................. 1

Class Action Fairness Act of 2005 ......................................................... *passim*

Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at
    28 U.S.C. § 1446(c)(2) (emphasis added)) .............................................. 7

**State Statutes**

Cal. Bus & Prof. Code § 17200 ................................................... 12, 15, 16

Cal. Bus. & Prof. Code § 17208 ............................................................. 12

Cal. Civ. Proc. Code § 338 .................................................................... 15

Cal. Code Civ. Proc. § 415.10 ................................................................. 2

Cal. Lab. Code § 203 ...................................................................... 16, 17

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92957765v.3

Cal. Lab. Code § 203(a) ...................................................................................... 16

Cal. Lab. Code § 226.7 ....................................................................................... 12

Cal. Lab. Code § 510 .......................................................................................... 15

Cal. Lab. Code § 1194 ........................................................................................ 15

Code of Civil Procedure § 338, subd.(a) (Stats. 1935, ch. 581, § 1, p. 1673) ................... 17

**Rules**

Rule 6(a)(2)(C)...................................................................................................... 2

**Regulations**

Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005),
    *reprinted in* 2005 U.S.C.C.A.N. 3 .................................................................... 6

**Other Authorities**

*Matthew McKinnon v. Floor and Decor Outlets of America, Inc. and DOES
    1 through 50,
    inclusive,* Case No. 37-2023-00005275-CU-OE-CTL ........................................ 1

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92957765v.3

1
2
3

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF, MATTHEW MCKINNON, AND HIS ATTORNEYS OF RECORD:**

4
5
6
7
8

**PLEASE TAKE NOTICE** that Defendant Floor and Decor Outlets of America, Inc. ("Defendant") files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332(c), 1332(d)(2), 1441(a), 1446, and 1453, to effectuate the removal of the above-captioned action from the Superior Court for the County of San Diego to the United States District Court for the Southern District of California.

9
10

This Court has original jurisdiction under 28 U.S.C. §§ 1332(c), (d)(2) – the Class Action Fairness Act of 2005 ("CAFA"). Removal is proper for the following reasons:

11

## I.     BACKGROUND

12
13
14
15

1.     On February 6, 2023, Plaintiff Matthew McKinnon ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of San Diego, entitled *Matthew McKinnon v. Floor and Decor Outlets of America, Inc. and DOES 1 through 50, inclusive,* Case No. 37-2023-00005275-CU-OE-CTL ("Complaint").

16
17
18
19
20
21
22
23
24

2.     On February 10, 2023, Defendant's registered agent for service of process in California received, via process server, the Summons; Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Notice of E-Filing Requirements and Imaged Documents; Alternative Dispute Resolution (ADR) Information; and Stipulation to Use Alternative Dispute Resolution (ADR). A true and correct copy of the documents received by Defendant on February 10, 2023 is attached hereto as **Exhibit A**. A true and correct copy of the Service of Process Notification from CT Corporation (Defendant's registered agent for service of process) is attached hereto as **Exhibit B.**

25
26
27

3.     On March 10, 2023, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court or the County of San Diego. A true and correct copy of the Answer is attached hereto as **Exhibit C**.

28

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92957765v.3

4.     Defendant has not filed or received any other pleadings or papers, other than the pleadings described as Exhibits A though C in this action prior to this Notice of Removal.

## II.     TIMELINESS OF REMOVAL

5.     The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

6.     The service of process which triggers the 30-day period to remove is governed by state law.  *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

7.     This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint, by personal service on Defendant's registered agent for service of process, on February 10, 2023.  (Ex. B.)  Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served.  Service of a summons in this manner is deemed complete at the time of such delivery."); 28 U.S.C. § 1446(b).  Thirty (30) days from the service of the Complaint on Defendant on February 10, 2023 is Sunday, March 12, 2023.  Under Rule 6(a)(2)(C), the date to remove is extended to Monday, March 13, 2023.

8.     Plaintiff asserts ten causes of action in his Complaint against Defendant: (1) unfair competition; (2) failure to pay minimum wage; (3) failure to pay overtime; (4) failure to provide meal periods; (5) failure to authorize and permit rest periods;

(6) failure to provide accurate wage statements; (7) failure to reimburse necessary business expenses; (8) failure to provide wages upon separation of employment; (9) failure to pay sick leave; and (10) failure to provide standard temperature conditions. (Ex. A, Complaint.)

9.     The Complaint seeks to certify a class of "all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees at any time during the period beginning four (4) years prior to the filing of the Complaint and ending on the date as determined by the Court." (Ex. A, Complaint, ¶ 27.)

10.     Accordingly, for purposes of the calculations in this Notice of Removal, the relevant time period starting four (4) years preceding the filing of Plaintiff's Complaint is from **February 6, 2019** until the present.

## III.   CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL

11.     This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. Section 1332(d)(2).  As set forth below, this action is properly removable, pursuant to 28 U.S.C. Section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one purported class member is a citizen of a state different from that of a defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(6).  Furthermore, the number of putative class members is greater than 100.  28 U.S.C. § 1332(d)(5)(B).

### A.     Plaintiff And Defendant Are Minimally Diverse

12.     CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. § 1332(d)(2)(A).

#### 1.     Plaintiff Is A Citizen Of California

13.     For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090

92957765v.3

(9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state").  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

14.     Plaintiff alleges that he was employed by Defendant in the State of California.  (Ex. A, Complaint, ¶ 3)  In his employment files, Plaintiff listed his home address as being in San Diego, California.  Plaintiff's intent to remain domiciled in California is further evident from the fact that he brought his lawsuit against Defendant in San Diego County Superior Court.  Accordingly, Plaintiff is a citizen of California.

### 2.    Defendant Is Not A Citizen Of California

15.     Defendant is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1).

16.     Pursuant to 28 U.S.C. section 1332(c)(1), "for purposes of this subsection … [a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  To determine a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters.  *Id.*  Other relevant factors include where corporate executives maintain their offices, where corporate policies and procedures are

92957765v.3

made, and where primary corporate functions are based.  *Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001) (nerve center found to be location where corporation's headquarters were located, where the corporate officers worked, and from where corporate policies and procedures were made).

17.     Floor and Decor Outlets of America, Inc. is incorporated under the laws of Delaware, and its principal place of business is in Georgia.  Defendant maintains corporate headquarters in Georgia, and its high-level officers direct, control, and coordinate the corporation's activities from these headquarters.  Additionally, the majority of Defendant's executive and administrative functions are performed in or directed from Georgia, including corporate finance, accounting, purchasing, marketing, legal and information systems.  Accordingly, Defendant was at the time this action was commenced, and remains today, a citizen of the States of Delaware and Georgia, and not a citizen of the State of California.

18.     **Doe Defendants.**  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant").  Indeed, the presence of "DOE" defendants in this case has no bearing on diversity of citizenship for removal.  Thus, the existence of "DOES 1-50" in the Complaint does not deprive this Court of jurisdiction.  *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal).

A.     **There Are More Than 100 Potential Class Members**

19.     CAFA requires that the aggregated number of members of all proposed classes in a complaint be at least 100.  28 U.S.C. § 1332(d)(5)(B).

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
92957765v.3

20.     The proposed class in the Complaint is defined as "all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees at any time during the period beginning four (4) years prior to the filing of the Complaint and ending on the date as determined by the Court." (Ex. A, Complaint, ¶ 27.)

21.     Since February 6, 2019, Defendant employed approximately 4,475 non-exempt employees in the State of California ("Putative Class Members").

### B.     The Amount In Controversy Exceeds The Statutory Minimum

22.     CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.  The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  *Id*. at 42-43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

23.     **Preponderance of the Evidence Standard.**  Plaintiff's Complaint does not allege the amount in controversy for the class he purports to represent.  Where a

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
92957765v.3

complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a **preponderance of the evidence** that the amount in controversy exceeds the statutory minimum. In *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), the U.S. Supreme Court held that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard. *Accord Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

24.    In 2011, Congress amended the federal removal statute to specify that, where the underlying state practice "permits recovery of damages in excess of the amount demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the *preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a)." Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord Abrego*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy … we therefore apply the preponderance of the evidence burden of proof to the removing defendant"). The defendant must show that it is "more likely than not" that the jurisdictional threshold is met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount"); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92957765v.3

25.     To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases.  First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "[a]n assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite ... amount'") (emphasis added).

26.     The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

27.     It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

28.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
92957765v.3

1  jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007)

2  (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional

3  minimum and did not allege a sufficiently specific total amount in controversy, the

4  removing defendant is still only required to show by a preponderance of evidence that the

5  amount in controversy exceeds the jurisdictional threshold).

6          29.    **The Court Should Assume A 100% Violation Rate Based On Plaintiff's**

7  **Class-Wide Allegations.**  If a plaintiff asserts statutory violations, the court should

8  assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

9                 As these allegations reveal, plaintiff includes no fact-specific allegations that

10                would result in a putative class or violation rate that is discernibly smaller

11                than 100%, used by defendant in its calculations.  Plaintiff is the "master of

12                [her] claim[s]," and if she wanted to avoid removal, she could have alleged

13                facts specific to her claims which would narrow the scope of the putative

14                class or the damages sought.  She did not.

15  *Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

16  (1987); *see also Wheatley v. MasterBrand Cabinets*, 2019 WL 688209, at *5 (C.D. Cal.

17  Feb. 19, 2019) ("Defendant and the Court must rely on assumptions regarding the rate of

18  the alleged violations . . . Plaintiff does not allege that some putative class members were

19  subject to distinct policies.  The Court therefore finds the assumption that uniform . . .

20  policies were applied to **all** putative class members reasonable") (emphasis added);

21  *Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr.

22  26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation

23  rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class

24  members 'a thirty minute meal period for every five hours worked,' and that this was

25  Defendant's 'common practice.'  It also alleges that Defendants had a practice of

26  'requiring employees to work for four hours and more without a rest period' and that

27  Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v.*

28  *The Finish Line*, 2014 WL 6982571, *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the

Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation").

30. Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate. *See Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3-5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice – or other similar language – and where the plaintiff offers no evidence rebutting this violation rate"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio, LLC*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate. The Complaint notes that Defendants 'did not provide' Plaintiff

and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.' It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d. 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

31.    The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000. The Complaint seeks to certify a class of "all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees at any time during the period beginning four (4) years prior to the filing of the Complaint and ending on the date as determined by the Court." (Ex. A, Complaint, ¶ 27.) Accordingly, for purposes of the calculations in this Notice of Removal, the relevant time period starting "four years prior to the filing of this action" is from **February 6, 2019** until the present.

32.    During the relevant time period identified in the Complaint, Defendant employed approximately 4,475 Putative Class Members, who worked approximately 204,700 workweeks. The average rate of pay for the Putative Class Members was approximately $18.67 per hour. Among other things, Plaintiff seeks to recover on behalf of himself and the Putative Class Members, meal and rest period premiums for Defendant's alleged failure to provide meal and rest breaks, unpaid wages for Defendant's alleged failure to pay minimum and overtime wages, unreimbursed business expenses, penalties for Defendant's alleged failure to provide accurate wage statements,

and waiting time penalties for Defendant's alleged failure to pay all wages due upon resignation or termination of employment.  (Ex. A, Complaint.)  Plaintiff also seeks attorneys' fees and costs.  (*Id.*, Prayer for Relief.)

33.    As set forth below, the alleged amount in controversy implicated by the class-wide allegations exceeds $5,000,000.  **All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission of the truth of the facts alleged and assuming solely for purposes of this Notice of Removal that liability is established.**

34.    The calculations below show that the alleged amount in controversy exceeds $5,000,000, when considering non-exempt employees, such as Plaintiff, and when considering just a few of the causes of action alleged in the Complaint.

### 1.   Meal and Rest Period Claims

35.    Plaintiff seeks payments for alleged denial of or missed or interrupted meal periods and rest periods.  (Ex. A, Complaint, ¶¶ 90-93.)  Plaintiff alleges that "Defendant's practices were deceptive and fraudulent in that Defendant's policy and practice failed to provide the legally mandated meal and rest periods ...."  (*Id.* at ¶ 51.)

36.    The statute of limitations for recovery for meal or rest period premium pay under California Labor Code section 226.7 pay is three years.  *Murphy v. Kenneth Cole Prods.*, Inc., 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations.").  However, Plaintiff alleges a claim for meal and rest break premiums pay as part of his unfair competition claim under Business and Professions Code section 17200, *et seq*.  (Ex. A, Complaint, ¶ 54.)  Although Defendant contends that meal and rest break premium pay cannot be recovered under Business and Professions Code section 17200 (*Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1401 (2010)), according to the allegations of Plaintiff's Complaint, the four-year statute of limitations applies for purposes of removal.  Cal. Bus. & Prof. Code § 17208.  Thus, for determining the amount in controversy, the four-year statute of limitations applies.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
92957765v.3

37.    Plaintiff is silent as to the amount of alleged meal periods or rest periods he claims to have been denied, thereby precluding precise estimates of the amount in controversy.  Plaintiff alleges that Defendant maintained a **policy or practice** of not providing meal and rest periods.  *See* Ex. A, Complaint, ¶ 51 ("Defendant's practices were deceptive and fraudulent in that Defendant's policy and practice failed to provide the legally mandated meal and rest periods ….").

38.    Plaintiff's allegation that Defendant maintained **a policy or practice** of not providing meal and rest periods entitles Defendant to assume a 100 percent violation rate when calculating the amount in controversy for removal jurisdiction.  *See, e.g., Soratorio*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendant 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendant's 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks.").

39.    During the relevant time period identified in the Complaint, Defendant employed approximately 4,475 Putative Class Members, who worked approximately 204,700 workweeks.  The average rate of pay for the Putative Class Members was approximately $18.67 per hour.

40.    Although Defendant denies that Plaintiff (or any putative class member) is entitled to any meal or rest period premium payments, assuming five meal period violations per week for each Putative Class Member, the amount in controversy for the meal period claim would be approximately **$19,108,745** [(204,700 workweeks) × ($18.67 per hour) × (5 premium payments per week)].  Assuming five rest period violations per week for each Putative Class Member, the amount in controversy for the rest period claim would also be approximately **$19,108,745** [(204,700 workweeks) × ($18.67 per hour) × (5 premium payments per week)].

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
92957765v.3

41.     While Defendant is entitled to assume a 100% violation rate (*i.e.*, at least five missed meal periods per workweek) based on the allegations when calculating the amount in controversy for removal jurisdiction, Defendant will conservatively assume that putative class members were not provided **one meal period each workweek**.  Where Plaintiff has alleged a policy and practice of meal period violations, it is reasonable to assume when calculating the amount in controversy that there at least one meal period violation each week for every employee.  Indeed, District Courts have consistently upheld even higher assumptions of meal period violations as plausible for purposes of determining the amount in controversy.  *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding an estimate of five meal period violations per week reasonable where Plaintiff alleged a "a policy and practice" of meal period violations); *Agredano v. Sw. Water Co.*, 2017 WL 2985395, at *6 (C.D. Cal. May 30, 2017) ("Plaintiff further alleges that Defendants 'routinely' and 'consistently' failed to provide him and the putative class members with the required 30–minute lunch break periods. Plaintiff does not limit the number of violations alleged in his Complaint, nor has he offered any evidence that he or other putative class members missed fewer than five legally required meal breaks per week.  Thus, the Court finds that 'Plaintiff's own complaint alleges universal violations of meal ... period laws' such that Defendants' 'use of a 100% violation rate [five missed meal periods] is proper.'"); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding an estimate of five missed rest periods a week reasonable where plaintiff alleged that defendant maintained "policies, practices and procedures that caused the purported violations. . ."); *Lopez v. Aerotek, Inc.*,  2015 WL 2342558, at *2 (C.D. Cal. May 14, 2015) (finding defendant's estimate of five meal period violations was reasonable); *Coleman v. Estes Express Lines*, Inc., 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate," i.e., five missed meal periods per week).

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

42.     Assuming just one meal period violation per week for each Putative Class Member, the amount in controversy for the meal period claim would also be approximately **$3,821,749** [(204,700 workweeks) × ($18.67 per hour) × (1 premium payments per week)].  Assuming just one rest period violation per week for each Putative Class Member, the amount in controversy for the rest period claim would also be approximately **$3,821,749** [(204,700 workweeks) × ($18.67 per hour) × (1 premium payments per week)].

43.     Accordingly, the amount in controversy on Plaintiff's meal and rest period claims is at least **$7,643,498**.

### 2.    Failure to Pay Wages

44.     Plaintiff's Complaint alleges that "Defendant, as a matter of established company policy and procedure, administers a uniform practice of rounding the actual time worked and recorded by Plaintiff and California Class Members, **always** to the benefit of Defendant, so that during the course of their employment, Plaintiff and California Class Members are paid less than they would have been paid had they been paid for actual recorded time rather than 'rounded' time." (Ex. A, Complaint, ¶ 8) (emphasis added).  The Complaint also alleges that "Plaintiff and the Class were regularly required to perform work off the clock for which they were not compensated." (Ex. A, Complaint, ¶ 32.)  Additionally, the Complaint alleges that "Defendant engages in the practice of requiring Plaintiff and California Class Members to perform off the clocking [sick] that Defendant, as a condition of employment, required these employees to submit to mandatory temperature checks and symptom questionnaires for Covid-19 screening prior to clocking into Defendant's timekeeping system for the workday." (*Id.*)

45.     The statute of limitations for unpaid wages under California Labor Code §§ 510 and 1194 is three years.  Cal. Civ. Proc. Code § 338.  The limitations period is extended to four years when a plaintiff also seeks restitution for the Labor Code violations.  *Falk v. Children's Hosp. Los Angeles*, 237 Cal. App. 4th 1454, 1462, n.12 (2015) ("actions for restitution and under Business and Professions Code section 17200

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
92957765v.3

are subject to a four-year statute of limitation"). Plaintiff alleges a claim for failure to pay overtime wages as part of his unfair competition claim under Business and Professions Code section 17200, *et seq.* (Ex. A, Complaint, ¶ 51.) Accordingly, the proposed class period for Plaintiff's overtime claim is from February 6, 2019 until the present.

46.    During the relevant time period identified in the Complaint, Defendant employed approximately 4,475 Putative Class Members, who worked approximately 204,700 workweeks. The average rate of pay for the Putative Class Members was approximately $18.67 per hour.

47.    Although the Complaint does not specify how much Putative Class Members were allegedly underpaid due to alleged rounding of time or how long Putative Class Members allegedly worked off the clock, Defendant will assume for purposes of calculating the amount in controversy that the amount of uncompensated time was 6 minutes each day. The amount in controversy for the unpaid wages claim is **$1,910,874.50** [(204,700 workweeks) × ($18.67 per hour) × 0.1 hours × 5 days a week].

### 3.    <u>Waiting Time Penalties</u>

48.    As discussed above, the Complaint alleges that every Putative Class Member was not compensated for all time worked due to alleged rounding of time. (Ex. A, Complaint, ¶ 8.) For terminated employees "who have not been fully paid their wages due to them, Plaintiff demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the California Labor Sub-Class Period." (Ex. A, Complaint, ¶ 113.)

49.    Under California Labor Code section 203, a discharged employee is entitled to penalties of up to 30 days' pay at his or her regular pay. *See* Cal. Lab. Code § 203(a) ("If an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days").

50.    The statute of limitations period for California Labor Code section 203 penalties extends back only three years from the date of filing of the complaint, or March 1, 2019.  *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1399 (2010) ("if an employer failed to timely pay final wages to an employee who quit or was fired, the employee would have had one year to sue for the section 203 penalties but, under Code of Civil Procedure section 338, subdivision (a) (Stats. 1935, ch. 581, § 1, p. 1673), three years to sue for the unpaid final wages giving rise to the penalty").

51.    It is also reasonable to assume that each employee waited over 30 days for payment of any allegedly unpaid wages.  *See Tajonar v. Echosphere*, LLC, 2015 WL 4064642, at *4-5 (S.D. Cal. July 2, 2015) (finding reasonable the defendant-employer's assumption that each employee was entitled to the maximum thirty-day penalty); *Byrd v. Masonite Corp.*, 2016 WL 2593912, at *3 (C.D. Cal. May 5, 2016) ("[I]t is not unreasonable for [defendant] to assume that each employee would be entitled to the maximum wage penalty – thirty days – for waiting time violations").

52.    During the relevant three-year time period for waiting time penalties, from February 6, 2020 to the present, there were a total of approximately 2,940 Putative Class Members who terminated their employment with Defendant in California.

53.    Although Defendant disputes liability, a reasonable estimate of the amount in controversy for waiting time penalties is **$13,173,552** [$18.67/hour × 8 hours/day × 30 days × 2,940 former employees].

### 4.    Approximate Aggregate Amount In Controversy

54.    Although Defendant denies Plaintiff's allegations that he or the Putative Class Members are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for all asserted claims, exclusive of attorneys' fees, is approximately **$22,727,924.50**, calculated as follows:

| | |
|---|---|
| **$3,821,749** | Meal Period Claim (Assuming Just 1 Meal Period Violation Per Workweek) |

24

| | |
|---|---|
| **$3,821,749** | Rest Period Claim (Assuming Just 1 Rest Period Violation Per Workweek) |
| **$1,910,874.50** | Unpaid Wages (Assuming 6 Minutes Per Day) |
| **$13,173,552** | Waiting Time Penalties |

55.    The figures above do not take into account Plaintiff's claims for failure to pay overtime, failure to provide accurate wage statements, failure to reimburse business expenses, and failure to pay sick leave.

### 5.    Attorneys' Fees

56.    Plaintiff also seeks attorneys' fees.  (Ex. A, Complaint, Prayer for Relief.) Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy").

57.    A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy.  *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady*, 243 F. Supp. 2d at 1010-11); *Muniz*, 2007 WL 1302504 at *4 (attorneys' fees appropriately included in determining amount in controversy).

58.    The Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

(9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal – for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

59.    Indeed, the Ninth Circuit again very recently explicitly confirmed that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy," including in the context of determining CAFA jurisdiction and as a "principle[] that appl[ies] in CAFA removal cases." *Arias*, 936 F.3d at 922.

60.    In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding that an estimate of attorney's fees of 25% reasonable); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]he 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *28-29 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92957765v.3

total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 WL 2991486, at \*6-7 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund). Even under the conservative benchmark of 25 percent of the total amount in controversy for Plaintiff's claims, attorneys' fees alone would be upward of **$5,681,981.13** in this case [$22,727,924.50 amount in controversy × 0.25].

61. Although Defendant denies Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and a conservative estimate based on those allegations, the total amount in controversy is at least **$28,409,905.63,** including attorneys' fees. This total amount in controversy exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

62. Accordingly, because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2). This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

63. To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

## IV.  **VENUE**

64. Venue lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(a). This action originally was brought in San Diego County Superior Court of the State of California, which is located within the Southern District of California. 28 U.S.C. § 84(a). Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

92957765v.3

65.     A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the San Diego County Superior Court of the State of California as required under 28 U.S.C. § 1446(d).

## V.    NOTICE TO STATE COURT AND TO PLAINTIFF

66.     Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of San Diego. The Notice of Removal is concurrently being served on all parties.

## VI.    PRAYER FOR REMOVAL

67.     WHEREFORE, Defendant prays that this civil action be removed from Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.

DATED: March 13, 2023                    Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Daniel Whang*
Daniel Whang
Gina Gi
Attorneys for Defendant
FLOOR AND DECOR OUTLETS OF
AMERICA, INC.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92957765v.3

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FLOOR AND DECOR OUTLETS OF AMERICA, INC., a Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MATTHEW MCKINNON, an individual, on behalf of himself and on behalf of all persons similarly situated,

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO OE LA CORTE)* |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/06/2023** at 09:32:48 AM

Clerk of the Superior Court
By Alina Garcia, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. *The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.*

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
Central
330 W. Broadway, San Diego, CA 92101

CASE NUMBER: **37-2023-00005275-CU-OE-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Norman Blumenthal    (Bar # 68687)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

| DATE: *(Fecha)* 02/07/2023 | Clerk, by *(Secretario)* | a. garcia A. Garcia | , Deputy *(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:  FLOOR AND DECOR OUTLETS OF AMERICA, INC.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

*Attorneys for Plaintiff*
[Additional Counsel Listed on Signature Page]

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/06/2023** at 09:32:48 AM

Clerk of the Superior Court
By Alina Garcia, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| MATTHEW MCKINNON, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br><br>Plaintiff,<br><br>vs.<br><br>FLOOR AND DECOR OUTLETS OF AMERICA, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br><br>Defendants. | Case No. 37-2023-00005275-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510;<br>4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802;<br>8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;<br>9. FAILURE TO PAY SICK PAY WAGES IN VIOLATION OF CAL. LAB CODE §§201-204, 233, 246; and,<br>10. FAILURE TO PROVIDE STANDARD TEMPERATURE CONDITIONS IN VIOLATION OF CAL. LAB CODE §§1198.<br>**DEMAND FOR A JURY TRIAL** |

1

Plaintiff Matthew Mckinnon ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following.

## THE PARTIES

1.     Floor and Decor Outlets of America, Inc. ("DEFENDANT") is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.     DEFENDANT is a speciality retailer of hard surface flooring.

3.     PLAINTIFF was employed by DEFENDANT in California from April of 2022 to January of 2023. PLAINTIFF was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.     PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.     PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the

CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.      The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.      The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

8.      Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without

1  paying them for all the time they are under DEFENDANT's control. Among other things,

2  DEFENDANT requires PLAINTIFF to work while clocked out during what is supposed to

3  be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by

4  work assignments while clocked out for what should have been PLAINTIFF's off-duty meal

5  break. DEFENDANT, as a matter of established company policy and procedure, administers

6  a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and

7  CALIFORNIA CLASS Members, always to the benefit of DEFENDANT, so that during the

8  course of their employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less

9  than they would have been paid had they been paid for actual recorded time rather than

10  "rounded" time. Additionally, DEFENDANT engages in the practice of requiring

11  PLAINTIFF and CALIFORNIA CLASS Members to perform work off the clocking that

12  DEFENDANT, as a condition of employment, required these employees to submit to

13  mandatory temperature checks and symptom questionnaires for COVID-19 screening prior

14  to clocking into DEFENDANT's timekeeping system for the workday. As a result,

15  PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage, overtime

16  wage compensation, and off-duty meal breaks by working without their time being correctly

17  recorded and without compensation at the applicable rates. DEFENDANT's policy and

18  practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time

19  worked, is evidenced by DEFENDANT's business records.

20      9.    State and federal law provides that employees must be paid overtime and meal

21  and rest break premiums at one-and-one-half times their "regular rate of pay." PLAINTIFF

22  and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive

23  pay that is tied to specific elements of an employee's performance.

24      10.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

25  Members' compensation is DEFENDANT's non-discretionary incentive program that paid

26  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

27  performance for DEFENDANT. The non-discretionary incentive program provided all

28  employees paid on an hourly basis with incentive compensation when the employees met the

various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11.     As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work. DEFENDANT also engaged in the practice of rounding the meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

12.     During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten

(10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

13.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control. As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all time worked. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the

applicable minimum wage and overtime wage rates.  To the extent that the time worked off
the clock does not qualify for overtime premium payment, DEFENDANT fails to pay
minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194,
1197, and 1197.1.

14.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the
other members of the CALIFORNIA CLASS with complete and accurate wage statements
which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab.
Code § 226 provides that every employer shall furnish each of his or her employees with an
accurate itemized wage statement in writing showing, among other things, gross wages
earned and all applicable hourly rates in effect during the pay period and the corresponding
amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA CLASS
Members were paid on an hourly basis.  As such, the wage statements should reflect all
applicable hourly rates during the pay period and the total hours worked, and the applicable
pay period in which the wages were earned pursuant to California Labor Code Section
226(a).  The wage statements DEFENDANT provided to PLAINTIFF and other
CALIFORNIA CLASS Members failed to identify such information. More specifically, the
wage statements failed to identify the accurate total hours worked each pay period.  When
the hours shown on the wage statements were added up, they did not equal the actual total
hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Aside, from
the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF
an itemized wage statement that lists all the requirements under California Labor Code 226
*et seq.* As a result, DEFENDANT from time to time provided PLAINTIFF and the other
members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code
§ 226.

15.    Cal. Lab. Code § 204(d) provides, the requirements of this section shall be
deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if
the wages are paid not more than seven (7) calendar days following the close of the payroll
period.  Cal. Lab. Code § 210 provides:

[I]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections. . .204. . .shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

16.    DEFENDANT from time to time failed to pay PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS Members within seven (7) days of the close of the payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to for the "Hourly" regular wage payments.

17.    DEFENDANT underpaid sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246.  Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary remuneration.  Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

18.    Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

19.    DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-discretionary incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

20.    As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is informed and believes and based thereon alleges that such failure to pay sick pay at regular

rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

21.    Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." DEFENDANT failed to pay all compensation due to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, failed to disclose all aspects of the deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, and thereby failed to pay these employees all wages due at each applicable pay period and upon termination. PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

22.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

23.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit.

1    Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by

2    DEFENDANT to use their personal cellular phones. As a result, in the course of their

3    employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA

4    CLASS incurred unreimbursed business expenses which included, but were not limited to,

5    costs related to the use of their personal cellular phones all on behalf of and for the benefit

6    of DEFENDANT.

7        24.    Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally

8    required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage

9    Order and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due

10   to PLAINTIFF. DEFENDANT did not have a policy or practice which provided timely off-

11   duty meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for

12   PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the

13   PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties

14   for the legally required off-duty meal periods. As a result, DEFENDANT's failure to

15   provide PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's

16   business records. The amount in controversy for PLAINTIFF individually does not exceed

17   the sum or value of $75,000.

18                        **JURISDICTION AND VENUE**

19       25.    This Court has jurisdiction over this Action pursuant to California Code of

20   Civil Procedure, Section 410.10 and California Business & Professions Code, Section

21   17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly

22   situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

23       26.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

24   Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and

25   DEFENDANT (i) currently maintains and at all relevant times maintained offices and

26   facilities in this County and/or conducts substantial business in this County, and (ii)

27

28

committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

27.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court  (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

28.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

29.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

30.     DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws.  The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails

to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law. This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

31.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

32.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

    (a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

    (b)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

33.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)  The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFF and CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)  The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

34.  In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)  Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish

13

CLASS ACTION COMPLAINT

incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate

14

CLASS ACTION COMPLAINT

actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of

certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

35.     This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

    (b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

    (c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

    (d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

    (e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

    (f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

36.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

37.     PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

38.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

39.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

40.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

41.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)     Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e)     Whether DEFENDANT's conduct was willful.

42.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code § 510, by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(d)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks;

(e)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the

19

1      employer must pay the employee all wages due without abatement, by

2      failing to tender full payment and/or restitution of wages owed or in the

3      manner required by California law to the members of the

4      CALIFORNIA LABOR SUB-CLASS who have terminated their

5      employment; and,

6      (f)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF

7             and the CALIFORNIA LABOR SUB-CLASS members with necessary

8             expenses incurred in the discharge of their job duties.

9      43.    This Class Action meets the statutory prerequisites for the maintenance of a

10     Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

11     (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS

12            are so numerous that the joinder of all CALIFORNIA LABOR SUB-

13            CLASS Members is impracticable and the disposition of their claims as

14            a class will benefit the parties and the Court;

15     (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief

16            issues that are raised in this Complaint are common to the

17            CALIFORNIA LABOR SUB-CLASS and will apply to every member

18            of the CALIFORNIA LABOR SUB-CLASS;

19     (c)    The claims of the representative PLAINTIFF are typical of the claims

20            of each member of the CALIFORNIA LABOR SUB-CLASS.

21            PLAINTIFF, like all the other members of the CALIFORNIA LABOR

22            SUB-CLASS, was a non-exempt employee paid on an hourly basis who

23            was subjected to the DEFENDANT's practice and policy which failed

24            to pay the correct amount of wages due to the CALIFORNIA LABOR

25            SUB-CLASS.  PLAINTIFF sustained economic injury as a result of

26            DEFENDANT's employment practices.  PLAINTIFF and the members

27            of the CALIFORNIA LABOR SUB-CLASS were and are similarly or

28

CLASS ACTION COMPLAINT

1    identically harmed by the same unlawful, deceptive, and unfair

2    misconduct engaged in by DEFENDANT; and,

3    (d)    The representative PLAINTIFF will fairly and adequately represent and

4    protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

5    has retained counsel who are competent and experienced in Class

6    Action litigation.  There are no material conflicts between the claims of

7    the representative PLAINTIFF and the members of the CALIFORNIA

8    LABOR SUB-CLASS that would make class certification

9    inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS

10    will vigorously assert the claims of all CALIFORNIA LABOR SUB-

11    CLASS Members.

12    44.    In addition to meeting the statutory prerequisites to a Class Action, this action

13    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

14    (a)    Without class certification and determination of declaratory, injunctive,

15    statutory and other legal questions within the class format, prosecution

16    of separate actions by individual members of the CALIFORNIA

17    LABOR SUB-CLASS will create the risk of:

18    1)    Inconsistent or varying adjudications with respect to individual

19    members of the CALIFORNIA LABOR SUB-CLASS which

20    would establish incompatible standards of conduct for the

21    parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

22    2)    Adjudication with respect to individual members of the

23    CALIFORNIA LABOR SUB-CLASS which would as a

24    practical matter be dispositive of interests of the other members

25    not party to the adjudication or substantially impair or impede

26    their ability to protect their interests.

27    (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have

28    acted or refused to act on grounds generally applicable to the

21

1      CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide

2      relief with respect to the CALIFORNIA LABOR SUB-CLASS as a

3      whole in that DEFENDANT fails to pay all wages due. Including the

4      correct wages for all time worked by the members of the

5      CALIFORNIA LABOR SUB-CLASS as required by law;

6    (c)    Common questions of law and fact predominate as to the members of

7      the CALIFORNIA LABOR SUB-CLASS, with respect to the practices

8      and violations of California Law as listed above, and predominate over

9      any question affecting only individual CALIFORNIA LABOR SUB-

10      CLASS Members, and a Class Action is superior to other available

11      methods for the fair and efficient adjudication of the controversy,

12      including consideration of:

13    1)    The interests of the members of the CALIFORNIA LABOR

14          SUB-CLASS in individually controlling the prosecution or

15          defense of separate actions in that the substantial expense of

16          individual actions will be avoided to recover the relatively small

17          amount of economic losses sustained by the individual

18          CALIFORNIA LABOR SUB-CLASS Members when compared

19          to the substantial expense and burden of individual prosecution

20          of this litigation;

21    2)    Class certification will obviate the need for unduly duplicative

22          litigation that would create the risk of:

23      A.    Inconsistent or varying adjudications with respect to

24             individual members of the CALIFORNIA LABOR SUB-

25             CLASS, which would establish incompatible standards of

26             conduct for the DEFENDANT; and/or,

27      B.    Adjudications with respect to individual members of the

28             CALIFORNIA LABOR SUB-CLASS would as a

22

1       practical matter be dispositive of the interests of the other

2       members not parties to the adjudication or substantially

3       impair or impede their ability to protect their interests;

4       3)   In the context of wage litigation because a substantial number of

5       individual CALIFORNIA LABOR SUB-CLASS Members will

6       avoid asserting their legal rights out of fear of retaliation by

7       DEFENDANT, which may adversely affect an individual's job

8       with DEFENDANT or with a subsequent employer, the Class

9       Action is the only means to assert their claims through a

10       representative; and,

11       4)   A class action is superior to other available methods for the fair

12       and efficient adjudication of this litigation because class

13       treatment will obviate the need for unduly and unnecessary

14       duplicative litigation that is likely to result in the absence of

15       certification of this action pursuant to Cal. Code of Civ. Proc. §

16       382.

17    45.   This Court should permit this action to be maintained as a Class Action

18 pursuant to Cal. Code of Civ. Proc. § 382 because:

19     (a)   The questions of law and fact common to the CALIFORNIA LABOR

20       SUB-CLASS predominate over any question affecting only individual

21       CALIFORNIA LABOR SUB-CLASS Members;

22     (b)   A Class Action is superior to any other available method for the fair

23       and efficient adjudication of the claims of the members of the

24       CALIFORNIA LABOR SUB-CLASS because in the context of

25       employment litigation a substantial number of individual

26       CALIFORNIA LABOR SUB-CLASS Members will avoid asserting

27       their rights individually out of fear of retaliation or adverse impact on

28       their employment;

(c)     The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)     PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT.  The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

24

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

46.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

47.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

48.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

49.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

50.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

51.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated meal and rest periods, the required amount of compensation for missed meal and rest periods and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse all necessary business expenses incurred, and failed to provide Fair Labor Standards Act overtime wages due for overtime worked as a result of failing to include non-discretionary incentive compensation into their regular rates of pay for purposes of computing the proper overtime pay due to a business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

52.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

53.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

54.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

26

1    meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of

2    pay for each workday in which a second off-duty meal period was not timely provided for

3    each ten (10) hours of work.

4         55.    PLAINTIFF further demands on behalf of himself and each member of the

5    CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off

6    duty paid rest period was not timely provided as required by law.

7         56.    By and through the unlawful and unfair business practices described herein,

8    DEFENDANT has obtained valuable property, money and services from PLAINTIFF and

9    the other members of the CALIFORNIA CLASS, including earned wages for all time

10    worked, and has deprived them of valuable rights and benefits guaranteed by law and

11    contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to

12    allow DEFENDANT to unfairly compete against competitors who comply with the law.

13         57.    All the acts described herein as violations of, among other things, the

14    Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the

15    California Labor Code, were unlawful and in violation of public policy, were immoral,

16    unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful,

17    unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et*

18    *seq.*

19         58.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled

20    to, and do, seek such relief as may be necessary to restore to them the money and property

21    which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

22    CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

23    unfair business practices, including earned but unpaid wages for all time worked.

24         59.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

25    entitled to, and do, seek a declaration that the described business practices are unlawful,

26    unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT

27    from engaging in any unlawful and unfair business practices in the future.

28

60.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION
### For Failure To Pay Minimum Wages
### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]
### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS
### and Against All Defendants)

61.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

62.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

63.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

64.     Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

65.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid
wages, including minimum wage compensation and interest thereon, together with the costs
of suit.

66.     DEFENDANT maintained a wage practice of paying PLAINTIFF and the
other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct
amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to
unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the
other members of the CALIFORNIA LABOR SUB-CLASS.

67.     DEFENDANT's unlawful wage and hour practices manifested, without
limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of
implementing a policy and practice that denies accurate compensation to PLAINTIFF and
the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum
wage pay.

68.     In committing these violations of the California Labor Code, DEFENDANT
inaccurately calculated the correct time worked and consequently underpaid the actual time
worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS.
DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and
other benefits in violation of the California Labor Code, the Industrial Welfare Commission
requirements and other applicable laws and regulations.

69.     As a direct result of DEFENDANT's unlawful wage practices as alleged
herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did
not receive the correct minimum wage compensation for their time worked for
DEFENDANT.

70.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT
required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS
Members to work without paying them for all the time they were under DEFENDANT's
control.  During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

CLASS ACTION COMPLAINT

1  other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked

2  that they were entitled to, constituting a failure to pay all earned wages.

3      71.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

4  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

5  CLASS for the true time they worked, PLAINTIFF and the other members of the

6  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

7  economic injury in amounts which are presently unknown to them and which will be

8  ascertained according to proof at trial.

9      72.    DEFENDANT knew or should have known that PLAINTIFF and the other

10  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their

11  time worked. DEFENDANT elected, either through intentional malfeasance or gross

12  nonfeasance, to not pay employees for their labor as a matter of company policy, practice

13  and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF

14  and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum

15  wages for their time worked.

16      73.    In performing the acts and practices herein alleged in violation of California

17  labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

18  CLASS for all time worked and provide them with the requisite compensation,

19  DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

20  toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

21  with a conscious and utter disregard for their legal rights, or the consequences to them, and

22  with the despicable intent of depriving them of their property and legal rights, and otherwise

23  causing them injury in order to increase company profits at the expense of these employees.

24      74.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

25  CLASS therefore request recovery of all unpaid wages, according to proof, interest,

26  statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

27  in a sum as provided by the California Labor Code and/or other applicable statutes. To the

28  extent minimum wage compensation is determined to be owed to the CALIFORNIA

1  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's

2  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

3  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

4  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's

5  conduct as alleged herein was willful, intentional and not in good faith. Further,

6  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek

7  and recover statutory costs.

8

9  ### THIRD CAUSE OF ACTION

10  **For Failure To Pay Overtime Compensation**

11  **[Cal. Lab. Code § 510]**

12  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

13  **Defendants)**

14      75.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

15  CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior

16  paragraphs of this Complaint.

17      76.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

18  CLASS bring a claim for DEFENDANT's willful and intentional violations of the

19  California Labor Code and the Industrial Welfare Commission requirements for

20  DEFENDANT's failure to pay these employees for all overtime worked, including, work

21  performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday,

22  and/or forty (40) hours in any workweek.

23      77.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

24  public policy, an employer must timely pay its employees for all hours worked.

25      78.    Cal. Lab. Code § 510 further provides that employees in California shall not

26  be employed more than eight (8) hours per workday and more than forty (40) hours per

27  workweek unless they receive additional compensation beyond their regular wages in

28  amounts specified by law.

31

1      79.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid

2  wages, including minimum wage and overtime compensation and interest thereon, together

3  with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an

4  employee for longer hours than those fixed by the Industrial Welfare Commission is

5  unlawful.

6      80.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

7  CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

8  DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

9  including overtime work.

10     81.    DEFENDANT's unlawful wage and hour practices manifested, without

11  limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

12  implementing a policy and practice that failed to accurately record overtime worked by

13  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate

14  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

15  CLASS for overtime worked, including, the overtime work performed in excess of eight (8)

16  hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any

17  workweek.

18     82.    In committing these violations of the California Labor Code, DEFENDANT

19  inaccurately recorded overtime worked and consequently underpaid the overtime worked by

20  PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT

21  acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in

22  violation of the California Labor Code, the Industrial Welfare Commission requirements

23  and other applicable laws and regulations. As a direct result of DEFENDANT's unlawful

24  wage practices as alleged herein, the PLAINTIFF and the other members of the

25  CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime

26  worked.

27     83.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

28

1   from the overtime requirements of the law. None of these exemptions are applicable to the

2   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further,

3   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not

4   subject to a valid collective bargaining agreement that would preclude the causes of action

5   contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of

6   himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations

7   of non-negotiable, non-waiveable rights provided by the State of California.

8       84.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and

9   the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for

10   overtime worked that they are entitled to, constituting a failure to pay all earned wages.

11       85.   DEFENDANT failed to accurately pay the PLAINTIFF and the other

12   members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they

13   worked which was in excess of the maximum hours permissible by law as required by Cal.

14   Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the

15   CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime

16   as to which DEFENDANT failed to accurately record and pay as evidenced by

17   DEFENDANT's business records and witnessed by employees.

18       86.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned

19   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

20   CLASS for the true amount of time they worked, PLAINTIFF and the other members of the

21   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

22   economic injury in amounts which are presently unknown to them and which will be

23   ascertained according to proof at trial.

24       87.   DEFENDANT knew or should have known that PLAINTIFF and the other

25   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all

26   overtime worked. DEFENDANT elected, either through intentional malfeasance or gross

27   nonfeasance, to not pay employees for their labor as a matter of company policy, practice

28

1 | and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF
2 | and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

3 |   88.   In performing the acts and practices herein alleged in violation of California

4 | labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

5 | CLASS for all overtime worked and provide them with the requisite overtime compensation,

6 | DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

7 | toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

8 | with a conscious of and utter disregard for their legal rights, or the consequences to them,

9 | and with the despicable intent of depriving them of their property and legal rights, and

10 | otherwise causing them injury in order to increase company profits at the expense of these

11 | employees.

12 |   89.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

13 | CLASS therefore request recovery of all overtime wages, according to proof, interest,

14 | statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

15 | in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

16 | extent minimum and/or overtime compensation is determined to be owed to the

17 | CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment,

18 | DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these

19 | individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

20 | penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS

21 | Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in

22 | good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

23 | are entitled to seek and recover statutory costs.

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION

### For Failure to Provide Required Meal Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

90.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

91.    During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to time.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

92.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with

35

1 │ the applicable Wage Order, one additional hour of compensation at each employee's regular

2 │ rate of pay for each workday that a meal period was not provided.

3 │     93.    As a proximate result of the aforementioned violations, PLAINTIFF and

4 │ CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

5 │ to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

6 │ suit.

7 │

8 │ **FIFTH CAUSE OF ACTION**

9 │ **For Failure to Provide Required Rest Periods**

10 │ **[Cal. Lab. Code §§ 226.7 & 512 ]**

11 │ **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12 │ **Defendants)**

13 │     94.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

14 │ CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

15 │ paragraphs of this Complaint.

16 │     95.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were

17 │ from time to time required to work in excess of four (4) hours without being provided ten

18 │ (10) minute rest periods. Further, these employees from time to time were denied their first

19 │ rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4)

20 │ hours, a first and second rest period of at least ten (10) minutes for some shifts worked of

21 │ between six (6) and eight (8) hours, and a first, second and third rest period of at least ten

22 │ (10) minutes for some shifts worked of ten (10) hours or more from time to time.

23 │ PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not

24 │ provided with one hour wages in lieu thereof. As a result of their rigorous work schedules,

25 │ PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically

26 │ denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

27 │     96.    DEFENDANT further violated California Labor Code §§ 226.7 and the

28 │ applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA

1  LABOR SUB-CLASS Members who were not provided a rest period, in accordance with

2  the applicable Wage Order, one additional hour of compensation at each employee's regular

3  rate of pay for each workday that rest period was not provided.

4       97.    As a proximate result of the aforementioned violations, PLAINTIFF and

5  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

6  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

7  suit.

8                        **SIXTH CAUSE OF ACTION**

9               **For Failure to Provide Accurate Itemized Statements**

10                       **[Cal. Lab. Code § 226]**

11   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

12                             **Defendants)**

13      98.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

14  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

15  paragraphs of this Complaint.

16      99.    Cal. Labor Code § 226 provides that an employer must furnish employees with

17  an "accurate itemized" statement in writing showing:

18       (1) gross wages earned,
         (2) total hours worked by the employee, except for any employee whose
19       compensation is solely based on a salary and who is exempt from payment of
         overtime under subdivision (a) of Section 515 or any applicable order of the
20       Industrial Welfare Commission,
         (3) the number of piecerate units earned and any applicable piece rate if the employee
21       is paid on a piece-rate basis,
         (4) all deductions, provided that all deductions made on written orders of the
22       employee may be aggregated and shown as one item,
         (5) net wages earned,
23       (6) the inclusive dates of the period for which the employee is paid,
         (7) the name of the employee and his or her social security number, except that by
24       January 1, 2008, only the last four digits of his or her social security number or an
         employee identification number other than a social security number may be shown on
25       the itemized statement,
         (8) the name and address of the legal entity that is the employer, and
26       (9) all applicable hourly rates in effect during the pay period and the corresponding
         number of hours worked at each hourly rate by the employee.

27

28

100.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis.  As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a).  The wage statements DEFENDANT provided to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period.  When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2).  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

101.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred

38

1   dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code §

2   226, in an amount according to proof at the time of trial (but in no event more than four

3   thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the

4   CALIFORNIA LABOR SUB-CLASS herein).

6   **SEVENTH CAUSE OF ACTION**

7   **For Failure to Reimburse Employees for Required Expenses**

8   **[Cal. Lab. Code § 2802]**

9   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

10  **Defendants)**

11  102.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

12  reallege and incorporate by this reference, as though fully set forth herein, the prior

13  paragraphs of this Complaint.

14  103.   Cal. Lab. Code § 2802 provides, in relevant part, that:

15  An employer shall indemnify his or her employee for all necessary
    expenditures or losses incurred by the employee in direct consequence of the
16  discharge of his or her duties, or of his or her obedience to the directions of
    the employer, even though unlawful, unless the employee, at the time of
17  obeying the directions, believed them to be unlawful.

18  104.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

19  by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

20  CLASS members for required expenses incurred in the discharge of their job duties for

21  DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the

22  CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

23  limited to, costs related to using their personal cellular phones on behalf of and for the

24  benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR

25  SUB-CLASS Members were required by DEFENDANT to use their personal cellular

26  phones and home offices in order to perform work related job tasks.  DEFENDANT's policy

27  and practice was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

28

39

1   CLASS members for expenses resulting from using their personal cellular phones and home

2   offices for DEFENDANT within the course and scope of their employment for

3   DEFENDANT.  These expenses were necessary to complete their principal job duties.

4   DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this

5   expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF

6   and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify

7   and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for

8   these expenses as an employer is required to do under the laws and regulations of California.

9        105.   PLAINTIFF therefore demands reimbursement for expenditures or losses

10   incurred by himself and the CALIFORNIA LABOR SUB-CLASS members in the discharge

11   of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,

12   with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

### EIGHTH CAUSE OF ACTION

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

     106.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior

paragraphs of this Complaint.

     107.   Cal. Lab. Code § 200 provides, in relevant part, that:
     As used in this article:
     (a) "Wages" includes all amounts for labor performed by employees of
     every description, whether the amount is fixed or ascertained by the
     standard of time, task, piece, Commission basis, or other method of calculation.
     (b) "Labor" includes labor, work, or service whether rendered or
     performed under contract, subcontract, partnership, station plan, or other
     agreement if the labor to be paid for is performed personally by the person
     demanding payment.

108.   Cal. Lab. Code § 201 provides, in relevant part, "that If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

109.   Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

110.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

111.   Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

112.   The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

113.   Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

///

///

41

CLASS ACTION COMPLAINT

## NINTH CAUSE OF ACTION

### For Failure to Pay Sick Pay Wages

### [ Cal. Lab. Code §§ 201-204, 210, 233, 246]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

114.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

115.    Cal Lab. Code § 233 provides that an employer must permit an employee to use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then current rate of entitlement.  Cal Lab. Code § 246 provides that an employee is entitled to sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5. Specifically, once accrued sick leave is used as paid sick time, an employee has a vested right to sick pay wages, which an employer must calculate and compensate based on one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Under Cal Lab. Code §§ 218 and 233, employees may sue to recover underpaid sick pay wages as damages.

116.    As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS at the incorrect rate of pay.  PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS regularly use accrued sick leave in the workweeks in which they also earn non-hourly remuneration.  As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFF and the other members of the CALIFORNIA LABOR-SUB-CLASS at the base hourly pay, as opposed to the regular rate of pay, which would consider all non-

42

1   hourly remuneration in addition to base hourly wages, or the rate resulting from dividing the

2   employee's total wages, not including overtime premium pay, by the employee's total hours

3   worked in the full pay periods of the prior 90 days of employment. As a result,

4   DEFENDANT underpaid sick pay wages to PLAINTIFF and the other members of the

5   CALIFORNIA LABOR-SUB-CLASS.

6       117.   Cal. Lab. Code § 204 provides that wages generally are due and payable twice

7   during each calendar month and are to be paid no later than the payday for the next regular

8   payroll period. Consistent with Cal. Lab. Code § 204, Cal. Lab. Code § 246 specifically

9   requires that, upon use of accrued sick leave, vested sick pay wages are due and to be paid

10  no later than the payday for the next regular payroll period after accrued sick leave is used as

11  paid sick time. Similarly, Cal. Lab. Code § 201 provides that if an employer discharges an

12  employee, wages earned and unpaid at the time of discharge are due and payable

13  immediately. Cal. Lab. Code § 202 provides that an employee is entitled to receive all

14  unpaid wages no later than 72 hours after an employee quits his or her employment, unless

15  the employee has given 72-hour notice of his or her intention to quit, in which case the

16  employee is entitled to his or her wages at the time of quitting. The Labor Code penalizes

17  untimely payments. For example, Cal. Lab. Code § 203 provides that if an employer

18  willfully fails to pay wages owed in accordance with Cal. Lab. Code §§ 201-202, then the

19  wages of the employee shall continue as a penalty from the due date, and at the same rate

20  until paid, but the wages shall not continue for more than thirty (30) days. Likewise, Cal.

21  Lab. Code § 210 provides penalties for violations of Cal. Lab. Code § 204 and untimely

22  payments during employment. Under Cal. Lab. Code §§ 203, 210 and 218, employees may

23  sue to recover applicable penalties.

24      118.   As alleged herein and as a matter of policy and practice, DEFENDANT

25  routinely underpays sick pay wages and thus did not timely pay PLAINTIFF and the other

26  members of the CALIFORNIA LABOR-SUB-CLASS all owing and underpaid sick pay

27  wages. As a result, DEFENDANT violates Cal. Lab. Code §§ 201-204, 210, 233, and 246,

28  among other Labor Code provisions. PLAINTIFF is informed and believes that

43

1    DEFENDANT was advised by skilled lawyers and knew, or should have known, of the

2    mandates of the Labor Code as it relates to PLAINTIFF's allegations, especially since the

3    California Supreme Court has explained that "[c]ourts have recoginzed that 'wages' also

4    include those benefits to which an employee is entitled as a part of his or her compensation,

5    including money, room, board, clothing, vacation pay, *and sick pay*." *Murphy v. Kenneth*

6    *Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007)(emphasis added). Because DEFENDANT

7    willfully fails to timely pay PLAINTIFF and the other members of the CALIFORNIA

8    LABOR-SUB-CLASS all sick pay wages due, DEFENDANT is subject to applicable

9    penalties.

10        119.    Such a pattern, practice, and uniform administration of corporate policy is

11    unlawful and entitles PLAINTIFF and the other members of the CALIFORNIA LABOR-

12    SUB-CLASS to underpaid sick pay wages, including interest thereon, applicable penalties,

13    attorney's fees, and costs of suit.

## TENTH CAUSE OF ACTION

### For Failure to Provide Temperature Conditions

### [ Cal. Lab. Code §§ 1198]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

19        120.    California Labor Code § 1198 states that "the standard conditions of labor

20    fixed by the commission shall be . . . the standard conditions of labor for employees. The

21    employment of any employee . . . under conditions of labor prohibited by the order is

22    unlawful." As required by Industrial Welfare Commission Wage Order 7-2001 (hereafter

23    "Wage Order") § 15, "[t]he temperature maintained in each work area shall provide

24    reasonable comfort consistent with industry-wide standards for the nature of the process and

25    the work performed" and "If excessive heat or humidity is created by the work process, the

26    employer shall take all feasible means to reduce such excessive heat or humidity to a degree

27    providing reasonable comfort" and, "A temperature of not less than 68 degrees shall be

28    maintained in the toilet rooms, resting rooms, and change rooms during hours of use."

1    121.   In the course of their employment, PLAINTIFF and other members of the

2    CALIFORNIA LABOR-SUB-CLASS were scheduled to work areas and were subjected to

3    unreasonably hot temperatures during their shifts. PLAINTIFF and other members of the

4    CALIFORNIA LABOR-SUB-CLASS complained to DEFENDANT about the excessive

5    heat, especially when the problem worsened during the months of June through September

6    where temperatures consistently rose above 80 -100  in areas where PLAINTIFF and other

7    members of the CALIFORNIA LABOR-SUB-CLASS worked. Despite the complaints from

8    PLAINTIFF and other members of the CALIFORNIA LABOR-SUB-CLASS,

9    DEFENDANT failed to install a sufficient air conditioning system in the warehouses or

10   provide any other form of relief.  Moreover, from October through May ("winter months"),

11   PLAINTIFF and other members of the CALIFORNIA LABOR-SUB-CLASS were

12   scheduled to work in unreasonably frigid conditions where the temperature would

13   consistently fall below 60° and sometimes 40° making for extremely uncomfortable

14   working conditions.  During the winter months, DEFENDANT did not maintain a

15   temperature of not less than 68° in the toilet rooms, resting rooms, and change rooms during

16   hours of use by PLAINTIFFS and other members of the CALIFORNIA LABOR-SUB-

17   CLASS. Thus, PLAINTIFFS and other members of the CALIFORNIA LABOR-SUB-

18   CLASS were required by DEFENDANT to suffer under these unreasonable and

19   uncomfortable conditions.

20   122.   DEFENDANT's thus failed to maintain a temperature in each work area that

21   provides reasonable comfort consistent with industry-wide standards for the nature of the

22   process and the work performed, in compliance with California Code of Regulations, Title

23   8, Section 1 1070(15)(Temperature).

24   **PRAYER FOR RELIEF**

25   WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

26   severally, as follows:

27   1.    On behalf of the CALIFORNIA CLASS:

28

A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C) An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

A) That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B) Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D) Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

E) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

46

F)   The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.; and,

G)   The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.   On all claims:

A)   An award of interest, including prejudgment interest at the legal rate;

B)   Such other and further relief as the Court deems just and equitable; and,

C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

Dated: February 6, 2023           BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By:  _____/s/ Nicholas De Blouw_____
       Norman B. Blumenthal
       Kyle R. Nordrehaug
       Nicholas J. De Blouw

       **GOMEZ TRIAL ATTORNEYS, APLC**
       John Gomez (State Bar #171485)
       Emilia Arutunian (State Bar #305824)
       655 Broadway, 17th Floor
       San Diego, CA 92101
       Telephone: (619) 237-3490
       Website: www.thegomezfirm.com

       *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2

PLAINTIFF demands a jury trial on issues triable to a jury.

3

4   Dated: February 6, 2023          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                                      By:  /s/ Nicholas De Blouw

7                                           Norman B. Blumenthal
                                            Kyle R. Nordrehaug
                                            Nicholas J. De Blouw
8

9                                      **GOMEZ TRIAL ATTORNEYS, APLC**
                                       John Gomez (State Bar #171485)
                                       Emilia Arutunian (State Bar #305824)
10                                     655 Broadway, 17th Floor
                                       San Diego, CA 92101
11                                     Telephone: (619) 237-3490
                                       Website: www.thegomezfirm.com
12

13                                     *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Norman Blumenthal    (Bar # 68687)<br>Kyle Nordrehaug    (Bar # 205975)<br>Blumenthal Nordrehaug Bhowmik De Blouw LLP<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO: (858) 551-1223    FAX NO: (858) 551-1232<br>ATTORNEY FOR *(Name):* Plaintiff Matthew Mckinnon | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**02/06/2023** at 09:32:48 AM<br>Clerk of the Superior Court<br>By Alina Garcia, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: CENTRAL

CASE NAME:
MATTHEW MCKINNON v. FLOOR AND DECOR OUTLETS OF AMERICA, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2023-00005275-CU-OE-CTL |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Richard S. Whitney<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
b. [X] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* TEN (10)
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 6, 2023

Nicholas J. De Blouw                          ▶ /s/ Nicholas De Blouw
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

LexisNexis® Automated California Judicial Council Forms

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

| PLAINTIFF(S) / PETITIONER(S): | Matthew McKinnon |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Floor and Decor Outlets of America Inc |
|---|---|

MCKINNON VS FLOOR AND DECOR OUTLETS OF AMERICA INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2023-00005275-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Richard S. Whitney                                        Department: C-68

## COMPLAINT/PETITION FILED: 02/06/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/28/2023 | 09:30 am | C-68 | Richard S. Whitney |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2023-00005275-CU-OE-CTL        CASE TITLE: McKinnon vs Floor and Decor Outlets of America Inc [E-FILE

**NOTICE:** **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
>   **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
>   **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
>   **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

• **Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
  • In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
  • In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | | FOR COURT USE ONLY |
|---|---|---|
| STREET ADDRESS: | 330 West Broadway | |
| MAILING ADDRESS: | 330 West Broadway | |
| CITY, STATE, & ZIP CODE: | San Diego, CA 92101-3827 | |
| BRANCH NAME: | Central | |

PLAINTIFF(S):   Matthew McKinnon

DEFENDANT(S):  Floor and Decor Outlets of America Inc

SHORT TITLE:   MCKINNON VS FLOOR AND DECOR OUTLETS OF AMERICA INC [E-FILE]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2023-00005275-CU-OE-CTL |
|---|---|

Judge:  Richard S. Whitney                                          Department:  C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                      ☐ Non-binding private arbitration

☐ Mediation (private)                                     ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                        ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

Name of Plaintiff                                               Name of Defendant

Signature                                                          Signature

Name of Plaintiff's Attorney                               Name of Defendant's Attorney

Signature                                                          Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  02/07/2023                                          _____
                                                                        JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

# EXHIBIT B

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
02/10/2023
CT Log Number 543201764

## Service of Process Transmittal Summary

**TO:**   Matthew Remm, Associate Counsel
FLOOR AND DECOR OUTLETS OF AMERICA, INC.
2500 WINDY RIDGE PKWY SE STE 400
ATLANTA, GA 30339-5677

**RE:**   **Process Served in California**

**FOR:**   Floor and Decor Outlets of America, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MATTHEW MCKINNON, an individual, on behalf of himself and on behalf of all persons similarly situated // To: Floor and Decor Outlets of America, Inc. |
| **CASE #:** | None Specified |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/10/2023 at 12:17 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Matthew Remm  mremm@flooranddecor.com |
| | Email Notification,  David Christopherson  dchristopherson@flooranddecor.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| -- | By Traceable Mail on 01/30/2023 at 10:23 | Matthew Remm, Associate Counsel<br>FLOOR AND DECOR OUTLETS OF AMERICA, INC. | 543116946 |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA          )
                             )  SS
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California  90067-3021.  On March 13, 2023, I served the within document(s):

DEFENDANT FLOOR AND DÉCOR OUTLETS OF AMERICA, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by delivering the document(s) listed above to Nationwide Legal, Inc., for delivery to the person(s) at the address(es) set forth below with instructions that such envelope be delivered personally on March 13, 2023.

☐ by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Norman B. Blumenthal
Kyle R. Nordrehaug
Aparajit Bhowmik
Nicholas J. De Blouw
BLUMENTHAL NORDREHAUG
    BHOWMIK DE BLOUW LLP
2255 Calle Clara
La Jolla, CA 92037

Telephone: (858) 551-1223
Facsimile:  (858) 551-1232

Attorneys for Plaintiff
Matthew McKinnon

norm@bamlawca.com
kyle@bamlawca.com
aj@bamlawca.com
nick@bamlawca.com

93044965v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

John Gomez
Emilia Arutunian
GOMEZ TRIAL ATTORNEYS, APLC
655 Broadway, 17th Floor
San Diego, CA  92101
Telephone: (619) 237-3490

Attorneys for Plaintiff
Matthew McKinnon

john@gomeztrialattorneys.com
Mila@thegomezfirm.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 13, 2023, at Los Angeles, California.

/s/ Paulin Kim
Paulin Kim

**CERTIFICATE OF SERVICE**

93044965v.1